# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### APRIL SESSION, 1998

FILED

May 15, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | No. 02C01-9708-CR-00302 |
| | ) | |
| Appellee | ) | |
| | ) | SHELBY COUNTY |
| vs. | ) | |
| | ) | Hon. BERNIE WEINMAN, Judge |
| ERIC D. HENDERSON and | ) | |
| JAMES F. HILL, | ) | (Theft of Property over $1000) |
| | ) | |
| Appellants | ) | |

For the Appellants:

**Howard L. Wagerman**
Attorney at Law
Suite 1313, 200 Jefferson
Memphis, TN 38103

Attorney for Eric D. Henderson


**Howard Brent Manis**
Attorney at Law
Suite 1313, 200 Jefferson
Memphis, TN 38103

Attorney for James F. Hill

For the Appellee:

**Charles W. Burson**
Attorney General and Reporter

**Marvin E. Clements, Jr.**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493


**William L. Gibbons**
District Attorney General

**P. T. Hoover**
Asst. District Attorney General
Criminal Justice Complex
Suite #301, 201 Poplar Street
Memphis, TN 38103


OPINION FILED: _____

AFFIRMED


**David G. Hayes**
Judge

## OPINION

The appellants, Eric D. Henderson and James F. Hill, appeal the sentencing decision of the Shelby County Criminal Court following their entry of guilty pleas to one count of theft of property over $1000, a class D felony.[1] See Tenn. Code Ann. § 39-14-105(3)(1990). Pursuant to a negotiated plea agreement, both appellants received sentences of two years and six months and a fine of $3000. The manner of service of each of the sentences was submitted to the trial court for determination. Following a sentencing hearing, the trial court suspended all but forty-five days of each appellant's sentence and ordered that the time be served in the Shelby County Correctional Center on weekends. Additionally, both appellants were placed on probation for a period of five years and were ordered to pay restitution in the amount of $4400. In this appeal, both Henderson and Hill, contend that the trial court erroneously denied their requests for judicial diversion, or, in the alternative, that the trial court improperly denied their requests for total probation.

After a review of the record and the applicable law, we affirm the judgment of the trial court.

### Background

The proof at the sentencing hearing established that, in March 1996, James Hill received a telephone call from an individual referred to as "T-Bird," concerning the possible sale of tires for Hill's truck. Hill responded that he was interested. Upon inspection of the tires, he realized that the tires were the wrong size. Nonetheless, Hill, seizing the opportunity to make some quick money, purchased eighteen or nineteen tires from "T-Bird" for $200. Hill conceded at the sentencing hearing that he presumed

---

[1]Martin F. Ford was indicted along with the appellants. He also entered a guilty plea to the offense of theft of property over $1000.

2

the tires to be stolen.  Unable to haul all of the tires in his truck, Hill contacted co-defendant Ford and instructed him to rent a U-Haul vehicle in which to transport the tires.  The tires were part of a shipment of one hundred and fifty tires that were previously stolen from a tractor trailer.

Hill, a close friend of Henderson, contacted Henderson and asked him if he knew of any person that wanted to buy approximately eighteen or nineteen tires.  Henderson did not dispute the fact that he knew that the tires were stolen.  Approximately one or two hours later, Henderson notified Hill that he would participate in the sale of the tires.  Subsequently, Hill, accompanied by co-defendant Ford, picked Henderson up at his residence in a rented U-Haul truck.  Henderson then directed Hill to City Wide Towing as a suggested place where the tires might be sold.  Upon arrival, Henderson negotiated the sale of some of the tires to the tire company.  Eventually, all of the eighteen tires were sold by Henderson, Hill and Ford.

Henderson is a thirty year old diesel mechanic and truck driver.  He is a high school graduate and received a certificate of completion from the MATA Truck Driving School in St. Louis, Missouri.  Since graduating from high school in 1985, Henderson has maintained continuous and stable employment.  He regularly attends the Mount Pisgah Middle Baptist Church and is president of the Magnolia Sports Association, a youth program, where he coaches peewee football.  Henderson testified that he has never used illegal drugs and drinks alcohol about twice a month on the weekends.  He has no prior record of criminal convictions. At the time of this offense, Henderson was living with his fiancee and her two minor children.  He was also paying child support for his nine year old son from a prior relationship.  He verified that he was current on all of his financial obligations.

The appellant Hill is twenty-nine years old, married, and the father of a sixteen month old son.  He is a high school graduate, a veteran of the army, and attended

3

State Technical Institute in Memphis for two years with plans to complete his education in the future. He states that he abuses neither alcohol nor drugs. For the eight months preceding the sentencing hearing, Hill has been employed as a railroad piggy backer at All Coastal Intermodal. Prior to this employment, he worked at Landstar Gemini and CSX Intermodal as a truck driver. Like his co-defendant, Henderson, Hill is active in his community, serving as vice-president of the Magnolia Sports Association, where he also coaches peewee football. Appellant Hill has one prior conviction in 1992 for driving on a suspended license.

Regarding the current offense, both appellants repeatedly admitted their involvement in the criminal activity and their remorse and embarrassment over their actions.

At the conclusion of the proof, the trial judge found that all three co-defendants had "bad attitudes." In so finding, the trial judge opined that Henderson and Hill were only remorseful for getting caught with the merchandise, but not for actually committing the crime. He added that the appellants' version of the circumstances were less than believable and he attributed the theft of the entire shipment of one hundred and fifty tires to Henderson, Hill and Ford. The judge further remarked about the lack of concern for the victim, commenting upon the appellants' failure to make restitution prior to the hearing, and the lack of concern for the seriousness of the appellants' own actions in the transactions. A sentence of split confinement to be served on weekends was imposed coupled with restitution in the amount of $4400, which represented one-third of the total value of the eighteen stolen tires.

When the manner of service of sentence is challenged on appeal, this court conducts a *de novo* review conditioned upon the presumption that the determination made by the trial court is correct. Tenn. Code Ann. § 40-35-201(d) (1996 Supp). This presumption only applies, however, if the record demonstrates that the trial court

4

properly considered relevant sentencing principles. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the present case, the record indicates that the trial court did not distinguish in its findings relevant factors attributable to the respective codefendants.[2] Our sentencing considerations provide that the sentence imposed should fit not only the offense committed, but also the individual offender as well. See State v. Dowdy, 894 S.W.2d at 301, 305 (Tenn. Crim. App. 1994). Moreover, there is no indication that the trial court considered all relevant sentencing principles, including consideration of judicial diversion. Further, the failure of a defendant, represented by counsel, to initiate a program of restitution prior to sentencing and the implication of a defendant in crimes for which insufficient proof exists are not relevant sentencing considerations. Accordingly, we are unable to attach the presumption of correctness that the statute affords.

In spite of the failure of the trial court to address all relevant sentencing principles, the record supports the requirement for the service of forty-five days on the weekends and the denial of judicial diversion. The trial court found that Hill and Henderson both lacked remorse and did not have an appropriate rehabilitative attitude. The trial court was in a position to judge their credibility based upon their appearance and demeanor while testifying. The trial court further found their testimony less than candid. The decision of whether to place a defendant on judicial diversion is within the sound discretion of the trial court. State v. Harris, 953 S.W.2d 701, 705 (Tenn. Crim. App. 1996). As to the trial court's denial of total probation, a defendant has the burden of establishing suitability for total probation. State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). Based on our *de novo* review, we conclude the sentence of the trial court was appropriate.

---

[2]The sentencing hearings for all three indicted defendants were conducted at the same time. Following the introduction of all of the proof, the trial court announced its sentencing decisions. Rather than reciting findings relevant to each defendant, the court generalized its findings as to the circumstances of the offense and the "attitude" of all three defendants. We note that codefendant Ford was ordered to serve 90 rather than 45 days due to his prior criminal history.

The judgment of the trial court is affirmed.


_____
DAVID G. HAYES, Judge



CONCUR:


_____
WILLIAM M. BARKER, Judge


_____
JOE G. RILEY, Judge